BORTREE *et al.* v. JACKSON.

(*Circuit Court, N. D. Ohio.* July 18, 1890.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT.
   The claim in letters patent No. 369,979, issued to Lewis S. Bortree September 13, 1887, for "a bustle having coil springs arranged longitudinally thereof, coil springs arranged centrally and at right angles thereto, and means for holding the same to any desired adjustment," having for its object to provide for giving a greater or less amount of fullness in the direction of its length, by contracting or letting out the upper or lower central coil, so arranged at right angles, by means of a cord and loop, is not infringed by a bustle having similar longitudinal and central coils, but incapable of, and not designed to give, such adjustability.

2. SAME.
   Such device does not infringe the third claim in such letters for "a bustle comprising a series of coil springs extending in the direction of its length, coil

springs at right angles thereto, with means for holding the same to any desired expansion or contraction, the whole covered with a suitable fabric, as and for the purpose set forth," since under the last clause the claim will be construed with reference to the purpose previously set forth.

This is a bill in equity to recover damages for the infringement of letters patent No. 369,979, issued September 13, 1887, to the plaintiff Lewis S. Bortree for a bustle.

In his specifications the patentee states that "his invention relates to an adjustable bustle, having for its object to provide for giving a greater or less amount of fullness to any portion of the same *in the direction of its length.*"

This object was attained by the use of a series of longitudinal coil springs laid parallel to each other, with three in front, and one on each side thereof, bearing upon the two outer front coils; thus leaving an intermediate space in the center of the inner side of the bustle occupied by a single coil. In this central inner space are arranged two or more horizontal coil springs at right angles to the others, and of a length, when in normal condition, to protrude for some distance beyond the outer periphery of the coils at each side, and are adapted to be contracted to the diameter of the longitudinal coils. Strings were attached to the bustle parallel with the horizontal coils, and threaded through eyelets or loops formed at the outer ends of the springs, and adapted to hold the same in their contracted condition. By contracting or pressing upon the upper horizontal spring, allowing the lower spring to be extended, the skirt of the dress is thrown out some distance below the waist, while if the lower spring be contracted, and the upper one relaxed, the skirt is thrown out immediately below the waist. This feature of adjustability is what the patentee intended by his words, "to provide for giving greater or less amount of fullness to any portion of the same in the direction of its length."

The claims alleged to be infringed were the second and third, which read as follows:

"(2) A bustle having coil springs arranged longitudinally thereof, coil springs arranged centrally and at right angles thereto, and means for holding the same to any desired adjustment, as set forth.

"(3) As an article of manufacture, a bustle comprising a series of coil springs extending in the direction of its length, coil springs at right angles thereto, with means for holding the same to any desired expansion or contraction, the whole covered with any suitable fabric, as and for the purpose set forth."

The defenses were want of novelty and non-infringement.

It is conceded that claim 1 is not infringed.

*L. L. Leggett*, for plaintiffs.

*Almon Hall*, for defendant.

BROWN, J. The invention in this case is a very narrow one; and, in view of the state of the art, we think the patent should receive a strict construction. We are clear in our opinion that there is no infringement of the second claim, which is for a bustle having coil springs arranged longitudinally, coil springs arranged centrally, and at right angles thereto,

with means for holding the same to any desired adjustment. While the defendant uses coil springs arranged longitudinally, and also coil springs at right angles to these, they are not arranged centrally, at right angles to the central longitudinal coil; but there are three such springs arranged at right angles to the three longitudinal springs, which latter are curved at the top, and at that point are practically parallel with the horizontal springs. They, therefore, do not accomplish the object sought to be obtained by the patent, of giving greater or less amount of fullness to the bustle in the direction of its length. Defendant's horizontal springs are evidently intended to be contracted or relaxed together. If one or two were contracted, and the third were relaxed, the skirt would be extended, not in the direction of its length, but in that of its breadth, and would inevitably have a one-sided appearance.

If the third claim were construed according to its exact language, and without reference to the specifications, the defendant's bustle would infringe, since he has a series of coil springs at right angles thereto, with means for holding the same to any desired expansion or contraction, and substantially the whole covered with a suitable fabric. We were at first inclined to give it this construction; but, upon reflection, we are satisfied that, having reference to the words "as and for the purpose set forth," at the end of this claim, we are bound to construe it in connection with the specifications, and in view of the object declared by the patentee, "to provide for giving greater or less amount of fullness to the bustle in the direction of its length." In discussing the effect of the words "substantially as described," or "substantially as set forth," it is said in *Seymour* v. *Osborne*, 11 Wall. 516, 547:

"Where the claim immediately follows the description of the invention, it may be construed in connection with the explanations contained in the specifications; and, where it contains the words referring back to the specifications, it cannot properly be construed in any other way."

So, in *The Corn-Planter Patent*, 23 Wall. 181, 218, it is said that the words "'substantially as and for the purpose set forth' throw us back to the specifications for a qualification of the claim, and the several elements of which the combination is composed." See, also, *Matthews* v. *Shoneberger*, 4 Fed. Rep. 635; *Westinghouse* v. *Air-Brake Co.* 2 Ban. & A. 55, 57. In the light of these authorities, we think the third claim should be construed in connection with the declared object of the patentee, and that it should receive substantially the same construction as the second claim, with the addition of the covering of a suitable fabric. This seems, also, to have been the views of the learned counsel for the plaintiffs, as stated in his brief.

Now, as the defendant's bustle is not designed to secure adjustability in the direction of its length, and as he has not arranged his horizontal springs against the central longitudinal coil in such a way as to make it possible to accomplish this result, we think that he cannot be held to infringe. Upon mature consideration of this case, we have come to the conclusion that the bill ought to be dismissed.